UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JULIE BLANCHARD AND** <br> **SOPHISTICATED SALADS, L.L.C. DBA** <br> **SOPHISTICATED CARE & GRILL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4023** |
| **GREGORY LONERO, INDIVIDUALLY** <br> **AND IN HIS OFFICIAL CAPACITY, AS A** <br> **DULY COMMISSIONED LAW ENFORCEMENT** <br> **OFFICER; ET AL** | **SECTION "K"(3)** |

## ORDER AND OPINION

Before the Court is the "Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted [FRCP Rule 12(b)(6)]" filed on behalf of defendants Gregory J. Lonero and Eileen Peters Lonero, in their individual capacities. (Doc. 8). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, denies the motion to dismiss.

BACKGROUND

In April 2005, Eileen and Greg Lonero leased the property located at 2309 David Drive to 10-40 Diner, Inc. Julie Blanchard, the sole shareholder of 10-40 Diner, Inc., signed the lease as guarantor. Thereafter Sophisticated Salads, L.L.C., with the permission of 10-40 Diner, Inc., began operating Sophisticated Café and Grill on the leased premises. Julie Blanchard is the sole member and manager of Sophisticated Salads, L.L.C. d/b/a Sophisticated Café and Grill.

On July 30, 2005, Eileen Lonero told Michael Pizzolato, a detective with the Jefferson Parish Sheriff's Office ("JPSO"), that an unknown person entered the David Drive building and stole some property from the premises. Detective Pizzolato went to the David Drive property, and thereafter he and Mrs. Lonero entered and searched the property. They did not obtain either a

warrant or the consent of the lessee prior to the search.

The next day, August 1, 2005, Greg Lonero and Michael Miller, a commissioned officer with the JPSO, entered the premises, again without a warrant or the lessee's consent. That same day Michael Miller took a statement from Greg Lonero in which Lonero stated that he leased the building to Julie Blanchard and that "[t]he lease wasn't over with at that point . . . She had abandoned the building since Tuesday because of an air condition [sic] problem that she didn't want to fix and . . . , she didn't have the money to pay for it." Lonero also told Miller that the rent was current until July 31, 2005. (Doc. 1-2, Exhibit C. p.2). On August 2, Miller executed an "Affidavit Supporting Search Warrant" in which he stated, in pertinent part, that the lease provided that lessee could not remove or replace kitchen equipment from the building without the express consent of Greg Lonero and that Greg Lonero had pointed out a two page list indicating all of the equipment that was included in the lease that was then missing from the building. (Doc. 1-2, Exhibit D). Based on Michael Miller's affidavit, a district judge for the 24th Judicial District Court issued a search warrant permitting the search of a storage unit used by Julie Blanchard. Miller executed the search warrant and seized property belonging to 10-40 Diner, Inc., Sophisticated Salads, L.L.C., and Julie Blanchard. Thereafter, Julie Blanchard was arrested and charged with theft of certain equipment.

In July 2006, Blanchard, Sophisticated Salads, L.L..C. d/b/a Sophisticated Café & Grill, and 10-40 Diner, Inc. filed suit against Greg Lonero, individually and in his official capacity, Eileen Lonero, individually, Michael Pizzolato, individually and in his official capacity, Michael Miller, individually and in his official capacity, and Sheriff Harry Lee, individually and in his official capacity, pursuant to 42 U.S.C. §§1983 and 1988. Plaintiffs allege that defendants violated their state and federal constitutional rights to be free from unreasonable searches, seizures, and invasions

of privacy. Additionally, Julie Blanchard alleges that defendants violated her state and federal constitutional rights to be free from unlawful arrest and detention. She also seeks damages for tortious conduct under Louisiana Civil Code Articles 2315 and 2316.

## LAW AND ANALYSIS

Defendants Gregory and Eileen Lonero move to dismiss the §1983 and §1988 claims brought against them in their individual capacity as well as the state law claims that they violated Julie Blanchard's right to privacy and due process contending that plaintiffs have failed to state a claim. In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1980). In considering the motion, a district court must limit itself to the contents of the pleadings, including the attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quotations and citation omitted). Plaintiffs attached a copy of the lease to the complaint as well as the narrative report of Michael Pizzolato, the statement of Greg Lonero, the application for the search warrant, the search warrant, the return on the search warrant, and the arrest warrant for Julie Blanchard.

In *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, ___, 127 S.Ct. 1955, 1969, the Supreme Court "retired" the *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957), standard for analyzing a motion to dismiss under Rule 12(b)(6) which held that a district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Noting that the *Conley* pleading standard "is best forgotten as an incomplete, negative gloss on an accepted

3

pleading standard," the Supreme Court announced that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Id.* at __, ____, 127 S.Ct. at 1969. "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his favor, the complaint states any valid claim for relief." *Lowery v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997) quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1367, at 601 (1969).

**The Loneros assert that because 10-40 Diner, Inc. was the only legally permitted lessee and occupant of the David Drive premises, Julie Blanchard and Sophisticated Salads had no legal interest in the property and were therefore trespassers on the property. The Loneros further contend that they cannot be liable to Julie Blanchard and Sophisticated Salads for claims arising from the warrantless searches of the David Drive property because as trespassers Ms. Blanchard and Sophisticated Salads are not entitled to the Constitutional protections they seek to invoke**

An individual's right to claim protection from unreasonable search and seizure "depends not upon a property right in the invaded place but upon whether the person who claims the protection of the [Fourth] Amendment has a legitimate expectation of privacy in the invaded place." *Katz v. United States*, 389 U.S. 347, 353, 88 S.Ct. 507, 512, 19 L.Ed.2d 576 (1967). Assuming *arguendo* that Julie Blanchard and Sophisticated Salads are not entitled to the status of lessees of the searched premises, that lack of status is not determinative of whether they have a right to bring a claim alleging a violation of their constitutional right to be free from unreasonable search and seizure. The relevant issue is whether Julie Blanchard and Sophisticated Salads had a legitimate expectation of privacy in the premises searched. To demonstrate a legitimate expectation of privacy,

plaintiffs must show that they had a subjective expectation of privacy in the premises searched and that the their expectation of privacy is one that society would recognize as objectively reasonable. *See United States v. Riazco*, 913 F.3d 752, 754 (5th Cir. 1996); *DePugh v. Penning*, 888 F.Supp. 959, 973 (N.D. Iowa 1995).

The complaint alleges that Julie Blanchard is the sole member and manager of Sophisticated Salads, L.L.C. as well as the sole shareholder of 10-40 Diner. The complaint also alleges that immediately after the lease was signed, "Sophisticated Salads, L.L.C., began operating the Business known as Sophisticated Care and Grill upon the aforesaid premises with permission of the Lessee Plaintiff 10-40 Diner, Inc." (Doc. 1, Exhibit A, ¶15). The Court acknowledges that Julie Blanchard and Sophisticated Salads may ultimately be unable to establish that they had a legitimate expectation of privacy in the David Drive premises; however, for the purpose of this motion to dismiss, the allegations by Julie Blanchard and Sophisticated Salads are sufficient to state a claim

The Loneros also seek to dismiss plaintiffs' claims against them individually on the basis that because under the lease they had a contractual right to "enter the leased premises during regular business hours for the purpose of inspecting same" they could not have violated Julie Blanchard's constitutional rights by entering the David Drive premises. The lease does give the landlord the right to inspect the property during regular business hours; however, the lease does not authorize the landlord to consent to a search of the premises by law enforcement personnel. Courts have consistently recognized that a landlord does not have authority to admit others to a premises without the consent of the tenant. *See Chapman v. United States*, 365 U.S. 610, 616, 81 S.Ct. 776, 779-80, 5 L.Ed.2d 828 (1961); *see also Georgia v. Randolph*, ___ U.S. ___, ___, 126 S.Ct. 1515, 1522, 164 L.Ed.2d 208 (2006). Because the Loneros' contractual right to inspect the property did not

extend to the right to admit law enforcement officers to search the property, the motion to dismiss is denied.

Additionally, the Loneros contend that plaintiffs' claims should be denied because at the time they and law enforcement personnel entered the David Drive property Ms. Blanchard had abandoned the property. In urging this contention, movers rely on Mr. Lonero's statement to Detective Miller that Ms. Blanchard "had abandoned the building" due to an air conditioning problem that she did not want to fix and did not have the money to repair. (Doc. 1-2. Exhibit C, p.2). Neither the complaint nor the attachments to the complaint include any allegation by Ms. Blanchard that she abandoned the property. To the contrary, the complaint alleges that the "lease was in full force and effect." (Doc. 1, ¶16, ¶17). Construing the facts liberally in the light most favorable to the plaintiffs, and taking the facts pleaded in the complaint as true, as the Court is required to do, there is no basis to conclude that plaintiffs abandoned the premises. Thus, abandonment of the property cannot serve as a basis for granting the motion to dismiss.

The Loneros further contend that plaintiffs' claims against them individually should be dismissed because their actions did not occur under color of state law, as required for a claim under 42 U.S.C. §1983, but rather occurred under the authority of the lease agreement. Considering the allegations of the complaint and its attachments, and for the reasons stated herein above, the Court cannot, in the context of this motion to dismiss, conclude that the Loneros acted solely under the authority of the lease and did not act under color of state law as alleged by plaintiffs. Accordingly, the motion is DENIED.

New Orleans, Louisiana, this 22nd day of October, 2007.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE