UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **JULIE BLANCHARD, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4023** |
| **GREGORY J. LONERO, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A DULY COMMISSIONED LAW ENFORCEMENT OFFICER, ET AL** | **SECTION "K"(3)** |

## ORDER AND OPINION

Before the Court is the "Motion for New Trial or Alternatively for Reconsideration of Summary Judgment on Behalf of Defendant Gregory J. Lonero, In His Individual Capacity" (Doc. 119). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, grants the motion in part and denies it in part.

BACKGROUND

Plaintiffs Julie Blanchard, Sophisticated Salads, L.L.C. d/b/a Sophisticated Café & Grill, and 10-40 Diner, Inc. filed suit against Greg Lonero, among others, in his individual capacity and in his official capacity alleging violations of their civil rights to due process and privacy guaranteed by the state and federal Constitutions as well as state claims for malicious prosecution and conversion. The conversion claim is based on plaintiffs' allegation that as a result of a search of Julie Blanchard's storage units some of her property was unlawfully seized and has not been returned to her. Plaintiffs also allege state and federal claims against Mr. Lonero in his individual capacity based on his August 1, 2005, entry, without a warrant, into the premises he leased to plaintiffs and false statements allegedly made by him to Detective Michael Miller of the Jefferson Parish Sheriff's Office, who investigated the removal of the property from the leased premises. Plaintiffs contend that Gregory Lonero, in his statement to Det. Miller, falsely

represented that the lease provided that the equipment could not be removed from the premises. Plaintiffs also assert that based on the false statements provided by Mr. Lonero to Det. Miller, that Det. Miller made false statements in his application for a search warrant for Julie Blanchard's storage units. Specifically, plaintiffs assert that Mr. Lonero falsely represented to Det. Miller that the equipment was part of the building, that the equipment could not be removed without the express permission of Mr. Lonero, and that a two page list of equipment in the leased premises had been part of the lease. Plaintiffs also assert that Mr. Lonero, in his individual capacity participated in the execution of the search at Julie Blanchard's storage units and provided false statements to the district attorney which resulted in prosecution of Julie Blanchard for theft.

Greg Lonero, in his individual capacity, filed a motion for summary judgment seeking "dismissal of all claims by JULIE BLANCHARD, ET AL., against LONERO, in his individual capacity." Doc. 76, p. 1. Despite seeking summary judgment on all claims against Mr. Lonero, in his individual capacity, the motion specifically addressed only plaintiffs' claim that Lonero had unlawfully entered the leased premises on August 1, 2005. Following oral argument on the motion for summary judgment, the Court granted the motion to the extent that it sought to dismiss plaintiffs' claim under 42 U.S.C. §1983 for the August 1, 2005, entry of the leased premises, but denied the motion as to all other claims against Mr. Lonero in his individual capacity. In granting the motion in part, the Court stated in pertinent part, "[i]f you need or want to file a Motion for Reconsideration on something else and give your opposing Counsel a chance to talk about it because it wasn't clear to me at all from the briefing what claims were going to be disposed of if I granted the motion." Doc. 115, p. 23. Thereafter counsel for plaintiffs requested a clarification of the ruling. The Court responded to plaintiffs' request stating that the dismissal would be limited to any §1983 claim relating to his August 1st entry of the leased premises.

2

Thereafter Mr. Lonero, in his individual capacity, filed this motion urging that it is necessary "because based upon the facts accepted by this Honorable Court at the original hearing, additional claims asserted by BLANCHARD against LONERO must be dismissed." This motion reviews the complaint and supplemental complaint itemizing all of the claims pending against Mr. Lonero in his individual capacity, and seeks dismissal of all such claims.

ANALYSIS

Mr. Lonero urges that because all of the other claims against him, in his individual capacity, are related to his entry into the leased premises on August 1, 2005, that the Court should re-examine his motion for summary judgment with respect to all claims alleged against him in his individual capacity. The Court disagrees.

The original motion for summary judgment discusses only the claim for the August 1, 2005, entry into the leased premises. During oral argument on that motion, counsel for Mr. Lonero, in his individual capacity, did not attempt to interject argument directed toward dismissing other claims against Mr. Lonero, in his individual capacity. Although defendant urges that reconsideration of the denial of summary judgement with respect to all other claims against him, in his individual capacity, is necessary" based upon the facts accepted by this Honorable Court at the original hearing," the Court made only two findings at the hearing on the motion for summary judgment: 1) that the leased premises had been abandoned prior to the entry on August 1, 2005, and 2) that plaintiffs did not have a reasonable expectation of privacy in the premises on that date. Given the limited nature of the findings, the only claims against Mr. Lonero, in his individual capacity, affected by those findings are the claims based upon the August 1, 2005 entry.

In offering defendant the opportunity to seek reconsideration, the Court intended to limit the offer to those claims involving Mr. Lonero's August 1, 2005 entry onto the leased premises. Thus, the Court

contemplated a motion to reconsider seeking dismissal of any state claims based upon the August 1, 2005 entry into the leased premise. A motion to reconsider claims involving acts discrete from the entry, i.e., claims for conversion, state and federal claims for making false statements, and state claims for malicious prosecution, is beyond the scope of the Court's invitation to request a clarification or reconsideration.

Because the Court has previously concluded that plaintiffs had no reasonable expectation of privacy in the leased premises on August 1,2005, the Court grants the motion for reconsideration with respect to all state claims based on Mr. Lonero's entry into the leased premises on August 1, 2005, and dismisses those claims. The motion is denied as to all other claims against Mr. Lonero, in his individual capacity.

New Orleans, Louisiana, this 6th day of January, 2009.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE