UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JULIE BLANCHARD, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4023** |
| **GREGORY J. LONERO, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A DULY COMMISSIONED LAW ENFORCEMENT OFFICER, ET AL** | **SECTION "K"(3)** |

## ORDER AND OPINION

Before the Court is a "Motion to Require Production of Expunged Record" filed on behalf of Gregory J. Lonero, in his Individual Capacity." Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, **DENIES** the motion.

BACKGROUND

In January 2007, a state district judge granted Julie Blanchard's motion to quash the bill of information charging her with theft of property valued at more than $500.00 in violation of La. Rev. Stat. 14:67.B(1). Thereafter in September 2007, plaintiffs Julie Blanchard, Sophisticated Salads, L.L.C. d/b/a Sophisticated Café & Grill, and 10-40 Diner, Inc. filed a supplemental complaint in this litigation alleging claims for malicious prosecution against, among others, defendant Gregory Lonero, in his individual capacity.

In the course of preparations for trial, counsel for Gregory Lonero, in his individual capacity, sought to obtain from the 24th Judicial District Court, Parish of Jefferson, a copy of the record of the criminal proceeding against Julie Blanchard and a transcript of the hearing at which the state judge quashed the bill of information. He was informed that the record had been "expunged" pursuant to La. Rev. Stat. §44:9(B) and that no information was available. Counsel then filed this

motion asserting that the criminal case record and the transcript of the hearing on the motion to quash indictment constitute relevant evidence and are necessary to the defense Gregory Lonero.

**ANALYSIS**

The Scheduling Order issued March 24, 2008, (Doc. 65) established December 9, 2008, as the deadline for filing pretrial motions. The Scheduling Order provides that "[a]ny motions filed for hearing in violation of this order shall be deemed waived unless good cause has been shown." Doc. 65. Because defendant filed this motion on December 24, 2008, almost two weeks beyond the deadline established in the Scheduling Order; the motion is clearly untimely.

Defendant attempts to establish "good cause" for the untimely filing of the motion contending that he did not learn that the criminal record had been expunged until recently when he began preparing to take the deposition of an assistant district attorney. Defendant has known for more than a year that plaintiffs had alleged a claim for malicious prosecution against him. Despite that knowledge counsel did not attempt to obtain the criminal record and transcript at a time that would have permitted him to timely file a motion for production in the event the record and transcript were not voluntarily produced. Counsel's failure to timely request the record and the transcript, when no impediment to timely requesting it existed cannot constitute "good cause." Accordingly, the motion is denied.

Alternatively, the Court denies the motion because the evidence sought to be produced is not relevant to the defense. "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

To prevail on a claim for malicious prosecution under Louisiana law, a plaintiff must

establish: "(1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff." *Miller v. East Baron Rouge Parish Sheriff's* Department, 511 So.2d 446, 452 (La. 1987). It is undisputed that a criminal proceeding was commenced against Julie Blanchard and that a state judge quashed the bill of information brought against Julie Blanchard. In fact, the "Judgment on Motion to Quash" (Doc. 107-14) is filed in this record. Because the criminal record and the transcript sought to be produced are not likely to contain any evidence, not already in the possession of defendant, relevant to the issue of probable cause or the absence of malice. Accordingly, the motion is denied.

New Orleans, Louisiana, this 6th day of January, 2009.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE