UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JULIE BLANCHARD AND<br>SOPHISTICATED SALADS, L.L.C. DBA<br>SOPHISTICATED CAFÉ & GRILL | CIVIL ACTION |
| VERSUS | NO. 06-4023 |
| GREGORY LONERO, INDIVIDUALLY<br>AND IN HIS OFFICIAL CAPACITY, AS A<br>DULY COMMISSIONED LAW ENFORCEMENT<br>OFFICER; ET AL | SECTION "K"(3) |

## ORDER AND OPINION

Before the Court is the "Motion for New Trial or Alternatively for Reconsideration and/or Relief from Judgment" filed on behalf of plaintiffs (Doc. 206). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, grants the motion with respect to the dismissal of plaintiffs' claims for conversion against Michael Miller and Gregory Lonero, in both his individual and his official capacities, and denies the remainder of the motion.

BACKGROUND

A detailed summary of the factual background of this suit is included in the Court's Order and Opinion entered May 28, 2009 (Doc. 204). In that Order and Opinion the Court granted the "Motion for Summary Judgment" filed on behalf of defendants Gregory Lonero, in his official capacity as a Jefferson Parish law enforcement officer, Michael Pizzolato, Michael Miller, and Jefferson Parish Sheriff Newell Normand (as legal successor to original defendant Harry Lee) and granted the "Motion for Summary Judgment" filed on behalf of defendant Gregory Lonero in his individual capacity. Additionally, the court *sua sponte* dismissed plaintiffs' claims for conversion against Gregory Lonero in his official capacity, Michael Pizzolato, and Michael Miller because

plaintiff failed to submit any evidence raising a genuine issue of material fact with respect to that claim.

Thereafter, plaintiffs filed this motion seeking reconsideration of the Court's order with respect to the dismissal of the following claims: 1) Deputy Pizzolato's unlawful entry into the leased premises on July 30, 2005; 2) Greg Lonero's unlawful entry into the leased premises on July 30, 2005; 3) Detective Mike Miller's unlawful search of the storage units ; 4) Greg Lonero's unlawful search of the storage units; 5) the claim against Detective Miller and Greg Lonero, in his individual capacity, for unlawful arrest;  6) the claims for malicious prosecution; and 7) the claims for conversion.

## LAW AND ANALYSIS

*A. Motion to Reconsider*

Because plaintiffs filed this motion within ten (10) days of the Court's entry of the May 28, 2009 order dismissing plaintiffs' claims, the Court addresses the motion under Rule 59(e) of the Federal Rules of Civil Procedure.  A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  It is well established that reconsideration is an "extraordinary" remedy and that it should be used only sparingly.  *Id.; see also* 11 Wright, Miller & Kane, Federal Practice and Procedure §2810.1 (2nd ed. 1995).  "A motion to alter or amend judgment must clearly establish either a manifest error or law or fact or must present newly discovered evidence."  *Pender v. Barron Builders & Management Co.*, 298 Fed. Appx 298, 299 2008 WL 4690508 (5th Cir. October 24, 2008).

*B. Claims of Unlawful Search on July 30, 2005*

No detailed analysis of these claims is necessary. The Court remains unpersuaded that the invoice from the Advance Lock Company, which includes a charge to "open front door," raises a genuine issue of material fact concerning whether Deputy Pizzolato entered the premises on July 30, 2005. Therefore, plaintiffs' motion is denied insofar as it seeks reconsideration of the dismissal of plaintiffs' claim against Deputy Pizzolato for unlawful search of the leased premises on July 30, 2005. Additionally, the lack of a genuine issue of material fact as to whether Deputy Pizzolato entered the leased premises on July 30, 2005 dooms plaintiffs' motion with respect to the dismissal of their claim against Greg Lonero for unlawful search of the leased premises on July 30, 2005.

*C. Claims for Unlawful Search of the Storage Units*

Plaintiffs assert that in dismissing their claims for unlawful search of the storage units the Court erred by failing "to consider the effect that having the actual lease language before the judge considering the search warrant would have had on that judge's decision in issuing the search warrant." Doc. 206-2, p. 2. The lease language relied upon by plaintiffs is paragraph 30 of the lease which provides in pertinent part:

> Equipment; [sic] Lessee acknowledges that the restaurant equipment upon the leased premises belongs to Lessor. Equipment is subject to Lessee's use and obligations hereunder including, but not limited to, Lessee's obligation to insure, repair, make replacements, maintain and pay taxes related to such equipment. Should Lessee be unable to utilize the equipment Lessee shall not be entitled to any reduction in rent whatsoever.

Doc. 78-4. In urging this contention, plaintiffs rely on the fact that a state judge granted Julie Blanchard's motion to quash the bill of information against her after reviewing the lease. The quashing of the bill of information is not determinative of the issue of whether this Court properly dismissed plaintiffs' claims for unlawful search of the storage units.

3

Detective Miller's failure to provide Judge Zeno with a copy of the lease is not a material omission with respect to the issue of probable cause to search the storage units. Nothing in the lease, including the provision authorizing the lessee to "use" the equipment could be reasonably construed to negate Judge Zeno's conclusion that probable cause existed for the issuance of a search warrant. Detective Miller's affidavit accurately set forth:

- the lease provides that equipment on the leased premises is the property of the lessor;
- Gregory Lonero received a call stating that his tenant was removing property from the leased premises;
- Eileen Lonero looked into the leased premises through the windows and saw that much of the equipment stored in the front of the business was missing;
- Gregory Lonero did not give Julie Blanchard permission to remove any equipment from the building;
- Kathryn Frost, Ms. Blanchard's roommate, saw her loading equipment into the back of a truck at the leased premises;
- Ms. Blanchard told Kathryn Frost that she put the property into a storage unit;
- A-AAA Key Mini Storage confirmed that Ms. Blanchard had three storage units at the facility; and
- Ahmad Abuelhawa told Detective Miller that he had told Julie Blanchard that he did not own the restaurant equipment and that the equipment "belonged to the building."

The Court notes that in the Order and Opinion entered May 28, 2009, the Court mistakenly stated that Detective Miller's affidavit also stated that Gregory Lonero told Detective Miller that Ms. Blanchard "had abandoned the building since Tuesday because of an air conditioning problem that she didn't want to fix and um she didn't have the money to pay for it." Gregory Lonero provided that information to Detective Miller in a recorded audio statement; however, Detective Miller did not include that specific information in his affidavit. Therefore, the information provided by Mr. Lonero cannot be considered in determining whether probable cause existed for the issuance of the search warrant.

4

The affidavit unequivocally establishes that property belonging to the lessor was missing from the leased premises, that Gregory Lonero received a call stating that his tenant was removing the property from the premises, that Gregory Lonero did not authorize the removal of the property from the leased premises, and that Kathryn Frost reported that she had been told by Julie Blanchard that she had put property from the leased premises into her storage unit. Given the totality of the information in Detective Miller's affidavit, common sense dictates that knowledge of the lessee's right to "use" the property would not preclude a finding of probable cause to search the storage units. Plaintiff is not entitled to the relief sought on this claim.

*C. Claims of Unlawful Arrest*

Plaintiffs' motion to reconsider the dismissal of their claims for unlawful arrest fails for the same reasons stated herein above in its analysis of the motion to reconsider the dismissal of the claims of unlawful search of the storage units.

*D. Claims of Malicious Prosecution*

Plaintiffs urge that circumstantial evidence to support a finding of probable cause for the prosecution exists "only if the lease was ignored." Doc. 206-2, p.10. The Court disagrees. The lessee's right to "use" the property does not negate a finding of probable cause for the criminal proceeding where there is evidence that the lessee abandoned the leased premises, that the lessee removed from the leased premises property owned by the lessor without the lessor's permission, and that the lessee failed to advise the lessor of the location of the property following its removal from the leased premises. Therefore, the Court denies the motion to reconsider with respect to these claims.

*E. Claims of Conversion*

Plaintiffs' amended complaint alleges a claim for conversion under Louisiana law stating that during the search of Julie Blanchard's storage units, some property owned by plaintiffs was removed from the units and has never been returned to plaintiffs. The conversion claim is alleged against Greg Lonero, individually and in his official capacity, Michael Pizzolato and Michael Miller.

Greg Lonero, in his individual capacity, moved for summary judgment on the conversion claim contending that he did not participate in the execution of the search warrant, and that even if he did "BLANCHARD is unable to prove her allegations of improper seizure and conversion as all property seized was LONERO's property." Doc. 185-3. In opposing Greg Lonero's motion for summary judgment in his individual capacity, plaintiffs submitted the affidavit of Julie Blanchard stating that she had viewed photographs "taken by the Jefferson Parish Sheriff's Office at the time her storage facilities were searched on or about August 3, 2005[,] . . ." and that "she has seen several times [sic] of property that were removed from her storage facility that belong to her that have never been returned to her by the Sheriff's Office or by Greg Lonero." Doc. 189. Ex. M. Thereafter Greg Lonero in his individual capacity filed a reply memorandum in which he represented that Julie Blanchard "has still failed to identify exactly what property of hers was allegedly seized" and that she cannot establish who took her property. Doc. 192-3, p. 18.

The Court granted summary judgment in favor of Greg Lonero individually on that claim noting that "[p]laintiff had never identified the movable(s) allegedly converted nor provided any evidence that Gregory Lonero had any contact with the property alleged to belong to the plaintiffs," and concluding that given that lack of evidence plaintiffs had failed to raise a genuine issue of material fact with respect to the conversion claim. Doc. 204.

Contrary to an inadvertent misstatement of counsel for Gregory Lonero in his individual

capacity that plaintiffs had never identified the items alleged to have been converted, plaintiffs, in their supplemental memorandum in support of their motion for reconsideration, advised the Court for the first time that during discovery plaintiffs did in fact provide counsel for defendants with a list of the items plaintiffs contends were converted. That list identified the following property:

- 4 Tier Stainless Shelving;
- 1 Microwave;
- 1 Proctor Silex (Bagel Toaster);
- 7 Red Table Cloths;
- 2 Carving Knives;
- 2 Plastic Bins;
- 2 Stainless Pots (Maglite Pots);
- 2 Roasting Pots (Maglite Pots);
- Misc. Utensils;
- 6-8 Salad Bowl (glass); and
- 1 Stainless Bowl.

Doc. 212-2. Some of those items, i.e., 4 Tier Stainless Shelving, 1 Microwave, 1 Proctor Silex (Bagel Toaster), and 2 Plastic Bins appear to be listed on the "Return of Search Warrant" for the storage units which indicates the seizure of the following property, among other items: 1- 4 Tier Stainless Shelving, 1 4 Tier Stainless Shelf Narrow, 1 Sharp Microwave s/n 1292407, 1 Sharp Microwave s/n, 1 Proctor Silex Toaster s/n, and 3 Clear Plastic Bins. Doc. 88, Ex. F. The overlapping of items on the list of allegedly converted property and the property identified in the "Return of Search Warrant," together with Julie Blanchard's affidavit raises a genuine issue of material fact concerning whether certain property belonging to plaintiffs was seized during the search of the storage units and not returned to plaintiffs.

There is no direct evidence that Greg Lonero, in his individual capacity, had any contact with the property, that appears on the "Return of Search Warrant" that is also identified on plaintiffs' list of allegedly converted property. However, there is evidence that after opening the storage units

7

Detective Miller called Gregory Lonero to come to the storage facility to identify the property, that Mr. Lonero went to the storage facility and assisted in moving property from inside the storage until to outside the unit, that Gregory Lonero identified his property, that a Jefferson Parish Sheriff's Office employee photographed the property identified by Mr. Lonero as belonging to him, and that Detective Miller then released that property to Mr. Lonero. That evidence considered together with Julie Blanchard's affidavit that she had viewed photographs "taken by the Jefferson Parish Sheriff's Office at the time her storage facilities were searched on or about August 3, 2005[,] . . ." and that "she has seen several times [sic] of property that were removed from her storage facility that belong to her that have never been returned to her by the Sheriff's Office or by Greg Lonero"[1]
creates a genuine issue of material fact with respect to the conversion claim as to Greg Lonero in his individual capacity as well as Greg Lonero in his official capacity and Michael Miller. Therefore, the Court grants plaintiffs' motion for reconsideration with respect to the conversion claim against Greg Lonero, in both his individual and official capacity, and Michael Miller. Accordingly, the Court vacates that portion of its May 28, 2009 order granting summary judgment in favor of Michael Miller and Gregory Lonero, in his individual and official capacities . Because plaintiffs have not offered any evidence that Michael Pizzolato participated in the search of the storage lockers or was even present at the time of the search, the Court denies plaintiff's motion for reconsideration of the dismissal of the conversion claim against Michael Pizzolato. Accordingly,

**IT IS ORDERED** that the "Motion for New Trial or Alternatively for Reconsideration and/or Relief from Judgment" filed on behalf of plaintiffs (Doc. 206) is GRANTED with respect to the plaintiffs' claims for conversion against Michael Miller and Gregory Lonero, individually and

---

[1] Doc. 189. Ex. M.

in his official capacity;

**IT IS FURTHER ORDERED** that the Motion for New Trial or Alternatively for Reconsideration and/or Relief from Judgment" filed on behalf of plaintiffs is DENIED in all other respects.

New Orleans, Louisiana, this 24th day of March, 2010.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE